Filed 11/28/23  P. v. Rendon CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADRIAN RENDON,<br><br>    Defendant and Appellant. | G062190<br><br>(Super. Ct. No. 12CF1604)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

This court hereby orders that the opinion filed on November 16, 2023, be modified as follows:

1.    On page 2, first sentence, delete the words "street terrorism" and replace with "carjacking."

This modification does not change the judgment.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

GOODING, J.

Filed 11/16/23  P. v. Rendon CA4/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADRIAN RENDON,<br><br>    Defendant and Appellant. | G062190<br><br>(Super. Ct. No. 12CF1604)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

In 2016, Adrian Rendon was convicted of conspiracy to commit murder, premeditated attempted murder, and street terrorism and ultimately sentenced to 25 years to life in state prison.

In 2019, Rendon filed a petition pursuant to former Penal Code section 1170.95 (now § 1172.6) [1] seeking resentencing on his murder conviction. The trial court summarily denied the petition without appointing counsel, we affirmed, and Rendon's petition for review in the California Supreme Court was granted. Based on the continual evolution of the law in this area and changes to the relevant statute, the Supreme Court transferred the case back to this court, and we issued an opinion remanding the matter back to the trial court. (*People v. Rendon and Sevilla* (June 26, 2018, G054006) [nonpub. opn.] (*Rendon I*).) The trial court issued an order to show cause and heard the matter on the merits, but ultimately denied the petition.

Rendon filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) This court has reviewed the record and found no arguable issues. Thus, we affirm the postjudgment order of the trial court.


I

FACTUAL AND PROCEDURAL BACKGROUND

We draw the facts from our now vacated opinion on this petition, *People v. Rendon* (July 15, 2022, G057637) [nonpub. opn.] (*Rendon II*). "[I]n the process of committing a carjacking, defendant's codefendant shot the victim in the head; the victim survived the attack. It is undisputed that defendant was not the shooter. Defendant claimed at trial that he was not part of a conspiracy to murder the victim, and that he did

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). Subsequent statutory references are to the Penal Code.

not know his codefendant had a gun or that he would shoot or try to kill the victim." (*Rendon II, supra,* G057637.)  A more complete version of the facts is set forth in our opinion in the original appeal from the judgment, *Rendon I*, *supra*, G054006.  As relevant here, the victim testified at trial that after Rendon's codefendant ordered the victim out of the car, Rendon said "just cap him,"[2] and the codefendant then shot the victim in the head.

"Defendant was convicted of conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a) [count 1]), attempted murder (§§ 664, subd. (a), 187, subd. (a) [count 2]), and carjacking (§ 215, subd. (a) [count 3]).  The trial court sentenced defendant to 25 years to life in prison on count 1; sentences of life with the possibility of parole after seven years on count 2 and five years determinate on count 3 were to run concurrent to the sentence on count 1, and were stayed pursuant to section 654.  A panel of this court affirmed the judgment of conviction and remanded for further proceedings. [Citation.]

"Following the passage of Senate Bill No. 1437, defendant filed a petition for resentencing under section 1170.95.  The trial court summarily denied the petition: 'The petition does not set forth a prima face case for relief under the statute.  A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder.'  Defendant filed a notice of appeal from the postjudgment order." (*Rendon II*, *supra*, G057637.)

We held, reflecting the law at the time, that the legislation that enacted section 1170.95 applies to murder, not attempted murder.  Accordingly, we affirmed the trial court's denial of the petition.  (*Rendon II*, *supra*, G057637.)

As we noted in our second opinion on this petition, *Rendon II*, *supra*, G057637, Rendon filed a petition for review from *Rendon I.*  "The Supreme Court

---

[2] Rendon testified at trial that to "cap" someone meant to "end" them.

granted defendant's petition for review and transferred the matter back to this court to reconsider it in light of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775), which allowed persons convicted of attempted murder to seek resentencing under section 1172.6, and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), which held that unrepresented defendants must have appointed counsel and be given an opportunity for briefing before a trial court may consider the defendant's record of conviction before denying or granting a section 1172.6 petition."

We held that in accordance with *Lewis*, the trial court was required to appoint counsel for Rendon if his petition was facially sufficient. Further, "[h]aving augmented the appellate record with the record from defendant's appeal from his conviction and sentencing, we cannot say as a matter of law that defendant has not made a prima facie showing of eligibility for resentencing under section 1172.6. Therefore, we reverse the postjudgment order and remand this matter to the trial court to appoint counsel for defendant and consider whether, under the law as modified by Senate Bill 775, defendant is entitled to relief." (*Rendon II*, *supra*, G057637.)

On remand, the trial court appointed counsel and issued an order to show cause why relief should not be granted as to the attempted murder conviction. The case was briefed and argued.

The trial court subsequently issued a written decision denying the petition. The court found that during the carjacking, "After Gomez [the victim] parked his car, Petitioner went into the front seat of Gomez's car and [codefendant] Sevilla walked around the car with Gomez at gunpoint and ordered Gomez to get into the back seat. Gomez refused at which time Petitioner asked Sevilla what he should do. Petitioner said, 'just cap him, just cap him'. It was determined that the words 'cap him' meant to shoot him. Sevilla shot Gomez once in the head. The gun then jammed after the first shot [and] Gomez did not succumb to his wound." The court then found that "[n]otwithstanding that Petitioner was found guilty of conspiracy to commit murder, he

4

gave the order and direction to shoot the victim when he stated, 'cap him, cap him'. His mission was to carjack kidnap and kill the victim. The Petitioner was a direct aider and abettor. The evidence was that Petitioner knew the full extent of the direct perpetrator's criminal purpose and without issue, gave aid as well as encouragement with the intent and purpose of facilitating the perpetrator's commission of the crime." Accordingly, the court denied the petition, concluding that "actual malice existed as there was the specific intent to kill. He acted with complete reckless indifference to human life. He counseled, commanded, induced and assisted the direct perpetrator in the commission of attempted murder."

Rendon filed a timely notice of appeal. After counsel filed a brief stating it found no arguable issues (see *Wende*, *supra*, 25 Cal.3d 436), we issued an order granting Rendon 30 days to file a supplemental brief. He did not do so.

II

DISCUSSION

When defendant's counsel identifies no arguable issues on appeal, an appellate court independently reviews the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

After independently reviewing the record, this court has found no arguable issues. The parties did not present new evidence at the order to show cause hearing, relying instead on the record of the trial. But that evidence supported the trial court's finding of guilt beyond a reasonable doubt under the current law. (*People v. Clements*

5

(2022) 75 Cal.App.5th 276, 295-296.) "Our job on review is different from the trial judge's job in deciding the petition. While the trial judge must review all the relevant evidence, evaluate and resolve contradictions, and make determinations as to credibility, all under the reasonable doubt standard, our job is to determine whether there is any substantial evidence, contradicted or uncontradicted, to support a rational fact finder's findings beyond a reasonable doubt." (*Id.* at p. 298.) In a hearing on a petition under section 1172.6, however, "the trial judge isn't charged with holding a whole new trial on all the elements of murder. Instead, the parties will focus on evidence made relevant by the amendments to the substantive definition of murder." (*Ibid.*)

Here, the trial court found Rendon guilty beyond a reasonable doubt based on an aider and abettor theory. "An aider and abettor can be held liable for crimes that were intentionally aided and abetted (target offenses); an aider and abettor could also be held liable for any crimes that were not intended but were reasonably foreseeable (nontarget offenses). [Citation.] Liability for intentional, target offenses is known as 'direct' aider and abettor liability; liability for unintentional, nontarget offenses is known as the ""'natural and probable consequences' doctrine."'" (*People v. Pacheco* (2022) 76 Cal.App.5th 118, 123, review granted May 18, 2022, S274102.)

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 2-4)], 'to amend . . . the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Lewis*, *supra*, 11 Cal.5th at p. 959.) "Senate Bill No. 1437 . . . substantially modified the law relating to vicarious liability for murder by eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder . . . ." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 11.)

6

As amended, section 189, subdivision (e), states: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ."

Although the natural and probable consequences theory is no longer an option to convict an aider and abettor for murder or attempted murder, he or she can still be convicted as a direct aider and abettor.  (§§ 188, 189.)  To do so, "the prosecution must prove the person who is not the actual killer 'engaged in the requisite acts and had the requisite intent' to aid and abet the target crime of murder.  [Citation.]  A direct aider and abettor's 'guilt is based on a combination of the direct perpetrator's acts and the aider and abettor's *own* acts and *own* mental state.'"  (*People v. Pacheco*, *supra*, 76 Cal.App.5th at p. 124.)

The requisite acts and mental state were present in this case.  Rendon, the trial court found, "gave the order and direction to shoot the victim" when he instructed his codefendant to "cap him," which the codefendant did.  "The Petitioner was a direct aider and abettor.  The evidence was that Petitioner knew the full extent of the direct perpetrator's criminal purpose and without issue, gave aid as well as encouragement with the intent and purpose of facilitating the perpetrator's commission of the crime."  We agree and find that the court's finding of guilt beyond a reasonable doubt is supported by substantial evidence in the record.

Our review of the record reveals no other arguable issues.

7

## III

## DISPOSITION

The trial court's postjudgment order denying Rendon's section 1172.6 petition is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


GOODING, J.